THE NEW YORK DYEING AND PRINTING ESTAB-
LISHMENT, RESPONDENT, *v.* JANE A. DE WESTENBERG
AND VIRGINIA C. CAMPBELL, APPELLANTS.

*A covenant to pay the lessee the value of improvements made by him during the term,
does not give the lessee a specific lien upon the property for the amount thereof.*

In an action by a lessee to recover the value of improvements placed by him upon
the demised premises, under a covenant in the lease providing that the lessors,
their successors or assigns, should and would pay to the lessee, his executors,
administrators or assigns, the value, not exceeding $20,000, of all building and
improvements made by the lessee during the term, the court does not possess the
power to direct the sale of this particular property, as in a mortgage foreclosure
suit, on the theory that there was a specific lien which should be thus enforced.

APPEAL from a judgment entered upon the trial of this action at
a Special Term, granting the plaintiff the relief demanded in the
complaint.

This action was brought to recover the sum of $20,000, as the
value of improvements placed by the plaintiff's assignor upon the
lands of the defendant in Duane street, in the city of New York,
under the express terms of a lease under which said property was
held, and to have the same adjudged to be a lien on the property
and satisfied out of the proceeds of the sale thereof.

The covenant which forms the basis of this action, provides " that
at the expiration of the term hereby granted, the parties of the
first part, their successors or assigns, shall and will pay unto the said
party of the second part, his executors, administrators or assigns,
the value, not exceeding the sum of twenty thousand dollars, of all
buildings and improvements made by the said party of the second
part during the said term, then remaining on said premises, such
value to be ascertained, if the parties interested cannot otherwise
agree, by three disinterested appraisers, one to be chosen by each of
the said parties, and if the persons so chosen disagree as to such
value, they to call a third person, and the decision of the majority of
the persons so chosen shall be final and conclusive."

*Aaron J. Vanderpoel,* for the appellants.

*Joseph H. Choate,* for the respondent.

BARTLETT, J. :

For the reasons given and upon the authorities cited in the opinion of the court below we are satisfied that the plaintiff was entitled to recover the value of the building and improvements which its assignor put upon the land of the defendants. The decree goes too far, however, in adjudging that the plaintiff has a lien upon the premises for this amount. The lease does not provide for any lien and in the absence of some specific provision in that instrument on the subject, the effect of the agreement therein contained to pay the value of the buildings and improvements at the expiration of the term is merely to render the lessors or their successors in interest liable to a simple money judgment for the amount at which such value shall be assessed. Under the circumstances, we do not think the court possessed the power to direct the sale of this particular property, as in a mortgage foreclosure suit, on the theory that there was a specific lien which should thus be enforced. Of course these premises, like the other lands of the defendants, if they have any, will be subject to the lien of the money judgment; but that is all.

The judgment appealed from should be modified so as to provide only for the recovery of the amount fixed upon as the value of the building and improvements, omitting those portions which declare the existence of a lien and order a sale of the lot in question; and, as thus modified, it should be affirmed, without costs on this appeal.

DANIELS and BRADY, JJ., concurred.

Judgment modified as directed in opinion, and affirmed, as modified, without costs of appeal.